### Chris Dahlgard, Plaintiff in Error, v. Florida Development Corporation, Defendant in Error.

#### Gen. No. 19,654.

1. BROKERS, § 46*—*when not entitled to commissions on ultra vires transaction.* Where a real estate agent enters into a contract with a Florida corporation to sell its Florida lands and negotiates a trade of such lands for lands in Illinois, the agent is not entitled to commissions for the reason that the transaction is *ultra vires* and void.

*See Illinois Notes Digest, Vols XI to XV, and Cumulative Quarterly, same topic and section number.

2. CORPORATIONS, § 404*—*right to engage in business of buying
and selling lands.* A corporation cannot under our laws engage
in the business of buying and selling lands in this State, and when
it undertakes to do so it can neither receive nor give title thereto.

CLARK, J., took no part in the consideration of this case.

Error to the Municipal Court of Chicago; the Hon. JOSEPH
P. RAFFERTY, Judge, presiding. Heard in the Branch Appellate
Court at the October term, 1913. Affirmed. Opinion filed June 9,
1914.

ELA, GROVER & MARCH, for plaintiff in error.

WILLIAM J. STAPLETON, for defendant in error.

MR. JUSTICE BARNES delivered the opinion of the
court.

Defendant in error (defendant below), a corpora-
tion organized under the laws of Florida "for the pur-
pose of buying, selling and dealing in land and equities
therein in Florida and elsewhere," entered into a con-
tract with plaintiff in error (plaintiff below) for the
sale of its Florida lands. Pursuant thereto plaintiff
negotiated an agreement with one Luhtala and one
Hakala for the exchange of one hundred acres of
Florida land for certain lots in DeKalb, Illinois, and
subsequently effected a sale to them of ten additional
acres of Florida land. The court (before which the
case was tried without a jury) found that plaintiff was
entitled to commissions for sale of the ten acres but
not for the one hundred acres. Only the right to com-
missions on the latter transaction is here involved.

By the agreement between the parties hereto, plain-
tiff was to sell for defendant the DeKalb lots so taken
in exchange and retain his commissions from the pro-
ceeds of the sale. Deeds for the respective properties
were executed and delivered. There being some delay
incident to the failure of defendant to furnish said
purchasers' abstracts of title to the Florida lands, they
insisted upon receiving a reconveyance of their De-

*See Illinois Notes Digest, Vols XI to XV, and Cumulative Quarterly, same
topic and section number.

Kalb lots, and in turn reconveyed the Florida lands to defendant.

Defendant filed its affidavit of merits denying plaintiff's right to commissions on the transaction and claiming that the trade of the properties was illegal and void.

Some point is raised as to the legality of the court's action in vacating an order by which an amended affidavit of merits was stricken from the files. We deem it unnecessary to consider it, for the questions here involved would arise upon the original affidavit of merits, regardless of the legality of said action.

It is conceded, and beyond question, that defendant being a corporation could not under our law engage in the business of buying and selling lands in the State of Illinois, and that when it undertook to do so it could neither receive nor give title thereto, and such has been the settled law in this State since the decision in the cases of *Carroll v. City of East St. Louis,* 67 Ill. 568. Although the statutes regulating the power of corporations as to holding and dealing in real estate have since been enacted, they have not changed the policy of the law in this respect. Under the doctrine there announced and approved in later cases, defendant received no title to the DeKalb lots, and, therefore, no consideration for the Florida lands. Had it made no deed to the Florida lands the contract could not have been enforced against it. The transaction being *ultra vires* and void, and therefore not enforcible, the broker could not collect commissions, for, to entitle him so to do, the contract negotiated must be one that is valid, binding and enforcible. As stated in *Wilson v. Mason,* 158 Ill. 304: "An agreement by a real estate broker to procure a purchaser not only implies that the purchaser shall be one able to comply, but that the seller and the purchaser must be bound to each other in a valid contract." Authorities cited by plaintiff in error where corporations, though exceeding their powers, have received a benefit, or where it

is a question of exceeding authorized power, which can be questioned by the State only, are not in point. Here no benefits were retained, the powers exercised were not authorized, but *ultra vires,* and the DeKalb lots were not taken for its corporate purposes. The other assignments of error raise no points that can affect this conclusion, as in no event could there be a recovery for commissions on such transaction. The judgment is affirmed.

*Affirmed.*

MR. JUSTICE CLARK took no part in the consideration of this case.